J-S65044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYLER JOSEPH ARIAS | : | |
| | : | |
| Appellant | : | No. 603 MDA 2018 |

Appeal from the Judgment of Sentence Entered March 8, 2018
In the Court of Common Pleas of Columbia County Criminal Division at
No(s):  CP-19-CR-0000262-2014,
CP-19-CR-0000263-2014

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 05, 2019**

Tyler Joseph Arias appeals from the judgments of sentence entered on March 8, 2018, following the revocation of his probation.[1] Arias' counsel, Hugh Taylor, Esquire, has filed an ***Anders***[2] brief maintaining that Arias' appeal is wholly frivolous. He also filed a petition to withdrawal as counsel. We grant counsel's petition to withdraw and affirm the judgments of sentence.

---

[1] Arias filed a single notice of appeal from two separate docket numbers. On June 1, 2018, our Supreme Court held that where there is an appeal of more than one docket, separate notices of appeal must be filed for each case. ***Commonwealth v. Walker***, 185 A.3d 969, 971 (Pa. 2018). However, we do not apply ***Walker*** to this case as Arias appealed prior to the ***Walker*** decision. ***See*** Notice of Appeal, filed April 9, 2018.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

On September 8, 2014, Arias pled guilty to receiving stolen property, false reports to law enforcement authorities, and conspiracy.[3] The trial court sentenced Arias to two years of intermediate punishment followed by 24 months of reporting probation.

While on probation, Arias engaged in alcohol and narcotic abuse and posted a video online making "emotionally charged threats of significant violence and death against law enforcement officers in particular, and against the judiciary." Trial Court Opinion ("TCO"), filed June 21, 2018, at 1. The trial court revoked his probation and imposed concurrent sentences of 48 to 180 months' incarceration for his conspiracy conviction, and 48 to 96 months' incarceration for his receiving stolen property conviction, with credit for time served. This timely appeal followed and Attorney Taylor filed a Pa.R.A.P. 1925(c)(4) statement notifying the court that he intended to file an **_Anders_** brief.

Counsel's **_Anders_** brief lists three questions presented:

1. Did the trial court abuse its discretion in resentencing [Arias] to a period of incarceration of forty-eight months to one hundred and eighty months and forty-eight months to ninety-six months to run concurrent[ly]?

2. Did the trial court err in finding by a preponderance of the evidence that [Arias] violated the terms of his probation supervision?

---

[3] 18 Pa.C.S.A. §§ 3925(a), 4906(a), and 903, respectively.

    3. Has the undersigned counsel complied with the requirements of **Anders v. California** and its progeny?

Arias' Br. at 5.

We must first address counsel's petition to withdraw before reviewing the merits of his appeal. **See Commonwealth v. Schmidt**, 165 A.3d 1002, 1006 (Pa.Super. 2017). Before counsel may withdraw, counsel must file an **Anders** brief that (1) provides a summary of the procedural history and facts, with citations to the record; (2) refers to anything in the record that counsel believes arguably supports the appeal; (3) sets forth counsel's conclusion that the appeal is frivolous; and (4) states counsel's reasons for concluding that the appeal is frivolous. **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). Counsel must provide a copy of the **Anders** brief to the defendant, as well as a letter advising the defendant of the right to (1) retain new counsel for the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the defendant wishes in addition to the issues counsel presented in the **Anders** brief. **Schmidt**, 165 A.3d at 1006. If counsel satisfied these technical requirements, we then conduct an independent review to determine if there are any non-frivolous issues. **Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa.Super. 2018) (*en banc*).

Here, Attorney Taylor's **Anders** brief complies with the technical requirements. We therefore review the issues counsel presented in his **Anders** brief and conduct an independent review to determine whether the appeal is, in fact, wholly frivolous. **Commonwealth v. Bynum-Hamilton**, 135 A.3d 179, 184 (Pa.Super. 2017).

- 3 -

The first issue counsel identifies in his **Anders** brief is that the trial court did not place its reasoning on the record for imposing a sentence of total confinement in violation of 42 Pa.C.S.A. § 9771. This is a matter challenging the discretionary aspects of his sentence. When reviewing a challenge to such this Court must first determine whether: (1) the appeal is timely; (2) the issues presented were properly preserved; (3) the brief satisfies Pa.R.A.P. 2119(f);[4] and (4) a substantial question is presented. **See Commonwealth v. Radecki**, 180 A.3d 441, 467 (Pa.Super. 2018) (citing **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super. 2010)).

While the appeal is timely, the issue counsel identifies was not preserved below, thereby precluding this Court from reviewing the issue. **See** Pa.R.A.P. 302(a); **see also Commonwealth v. Kalichak**, 943 A.2d 285, 289 (Pa.Super. 2008)("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that sentence either by objecting during the revocation sentencing or by filing a post-sentence motion"). However, even if Arias had preserved this issue for appellate review, we would reject it as frivolous.

---

[4] "An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

When a trial court sentences a defendant following the revocation of probation, it "is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Fish***, 752 A.2d 921, 923 (Pa.Super. 2000). The court may impose a sentence of total confinement upon revoking probation if: "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S.A. § 9771(c).

Here, the trial court stated the following before imposing its sentence:

> Well, I must say, I'm not sure – I do think this was driven by mental health issues, not drug and alcohol, but certainly mental health issues. On the other hand, it was one of the scariest videos I have ever seen. Not only was the language in it extraordinarily threatening and bellicose, it was, I thought, an attack on all law enforcement officers of an extreme nature. I don't think there's any excuse for it.
>
> I think the mental health component may have to be and I hope will be able to be addressed in prison. There's no way you can look at that video and say that – the language used in that video was extraordinary. Not only was it an extraordinary threat to law enforcement, anybody who saw it on social media could feed upon it and feed upon it virally and cause issues nationally. Other people would pick up on it. Other people that may have agendas, other people that may have mental health issues.
>
> It's the sort of fire in a crowded theater language. Yes, you have free speech but when you're in the confines of probation or parole, there's no space for that whatsoever. It may be free speech but it aggravates – it sends a message that Mr. Arias could be extraordinarily dangerous.

N.T., Revocation Hearing, 3/8/18, at 18-19.

The court thus plainly stated on the record its reasons for imposing total confinement. Any claim to the contrary lacks a factual foundation and is thus frivolous.

Next, counsel identifies a challenge to the revocation of probation. "The scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1034 (Pa.Super. 2013). Our "standard of review in revocation sentencing cases requires us to consider whether a sentencing court exhibited prejudice, bias, ill-will or partiality." **Id.** at 1041. An abuse of discretion exists where "the trial court makes not merely an error of judgment, but misapplies the law or exercises its discretion in a manifestly unreasonably way or is the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record." **Commonwealth v. Cramer**, 195 A.3d 594, 603-04 (Pa.Super. 2018).

A trial court has power to revoke an order of probation "upon proof of the violation of specified conditions of the probation." 42 Pa.C.S.A. § 9771(b). "Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." **Id.**

Here, at the violation of probation hearing, Arias admitted that he violated the conditions of his probation. Counsel stated, "Your Honor, Mr. Arias would admit to the violations of having used alcohol, having used meth, and having been charged with additional crimes, particularly terroristic threats."

N.T., Violation of Probation ("VOP") Hearing, 3/8/18, at 2. Counsel also stated that he admitted to recording a video and posting it to Facebook while under the influence of narcotics and alcohol. *Id.* at 5, 17. The trial court described the video as "one of the scariest videos I have ever seen. Not only was the language in it extraordinarily threatening and bellicose, it was, I thought, an attack on all law enforcement officers of an extreme nature." *Id.* at 18. Arias did not disavow those statements, and does not do so now. Thus, the record supports the trial court's decision to revoke Arias' probation.

Finally, after an independent review of the entire record we do not discern any additional, non-frivolous issues. We therefore affirm the judgments of sentence and grant counsel's petition to withdraw.

Petition to Withdraw granted. Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/2019